Jason A. Imes, Esq., NV Bar No. 7030
Schwartzer & McPherson Law Firm
2850 South Jones Blvd., Suite 1
Las Vegas NV  89146-5308
Telephone:	(702) 228-7590
Facsimile:	(702) 892-0122
E-Mail:	bkfilings@s-mlaw.com
*Attorneys for Lenard E. Schwartzer, Trustee*

## UNITED STATES BANKRUPTCY COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| In re: | Case No. BK-S-18-16165-BTB |
| ONE DEGREE WORLD SYSTEMS, INC., | Chapter 7 |
| Debtor. | **Adversary Proceeding No.:** |
| LENARD E. SCHWARTZER, TRUSTEE, | |
| Plaintiff, | **COMPLAINT FOR AVOIDANCE AND RECOVERY OF PREFERENTIAL TRANSFERS,  AND TO DISALLOW CLAIMS (11 U.S.C. §547, §550, §502)** |
| vs. | |
| MGM RESORTS INTERNATIONAL OPERATIONS, INC., | |
| Defendant. | |

Plaintiff LENARD E. SCHWARTZER, as Chapter 7 Trustee for the bankruptcy estate of One Degree World Systems, Inc., by and through his counsel, Schwartzer & McPherson Law Firm, respectfully alleges as follows:

### I. JURISDICTION AND VENUE

1. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §1334, and the statutory and legal predicates for the relief sought herein are 11 U.S.C. §502, §547, §550, and Rules 3007 and 7001 of the Federal Rules of Bankruptcy Procedure.

2. This is a core proceeding pursuant to 28 U.S.C. § 157 (b)(2)(F).

3. This is an adversary proceeding pursuant to Fed.R.Bankr. P. 7001.

4. This court has venue over this proceeding pursuant to 28 U.S.C. § 1409(a).

5. Pursuant to Fed.R.Bankr.P. 7008(a), the Trustee consents to the entry of final orders or judgment by the bankruptcy court.

6. Pursuant to Local Rule 7008, the Trustee also consents to entry of final orders or judgment of the bankruptcy judge if it is determined that the bankruptcy judge, absent consent of the parties, cannot enter final orders or judgment consistent with Article III of the United States Constitution.

## II.  CASE BACKGROUND

### A. The Parties

7. Debtor ONE DEGREE WORLD SYSTEMS, INC. (the "Debtor"), filed for relief under Chapter 7 of the Bankruptcy Code on October 15, 2018 (the "Petition Date") and plaintiff LENARD E. SCHWARTZER (the "Trustee") is the duly appointed Chapter 7 Trustee for administration of the related bankruptcy estate (the "Bankruptcy Estate").

8. Upon information and belief, Defendant MGM RESORTS INTERNATIONAL OPERATIONS, INC. ("Defendant") is a corporation organized under the laws of the State of Nevada.

### B. The Transfers

9. Prior to the Petition Date, the Debtor contracted with Defendant.

10. During the 90-day period prior to the Petition Date (the "Preference Period") the Debtor made a series of transfers in the total sum of $70,780.55 to the Defendant (the "Subject Transfers") which are listed in the attached **Exhibit "1."**

11. The Subject Transfers were transfers made by the Debtor of an interest of the Debtor in property.

12. The Subject Transfers were made to or for the benefit of Defendant.

13. During the course of this adversary proceeding, the Trustee may learn (through discovery or otherwise) of additional transfers made to Defendant during the Preference Period.  It is the Trustee's intention to avoid and recover all transfers made by the Debtor of an interest of the Debtor in property and to or for the benefit of Defendant or any other transferee during the Preference Period.   The Trustee reserves his right to amend this Complaint to include additional transfers, additional defendants, and/or additional causes of action that may be discovered through formal discovery or otherwise.

14. Pursuant to 11 U.S.C. §547(b), this Complaint is based on reasonable due diligence in the circumstance of this case, and the Trustee's consideration of any known or reasonably knowable affirmative defenses. Additionally, Defendant was contacted by Trustee's counsel prior to the filing of this Complaint and given an opportunity to provide an explanation and supporting documentation of any affirmative defenses.

15. Pursuant to 28 U.S.C. §1409(b), this action either seeks recovery of more than $25,000.00, or is being brought in the district where the Defendant resides.

## FIRST CAUSE OF ACTION
### (Avoidance of Preferential Transfers Pursuant to 11 USC §547)

16. The Trustee incorporates all previous allegations as though fully set forth herein.

17. The Debtor made the Subject Transfers to or for the benefit of Defendant.

18. The funds for the Subject Transfers from the Debtor to Defendant were an interest of the Debtor in property.

19. Defendant was a creditor of the Debtor at the time of each of the Subject Transfers.

20. Each of the Subject Transfers was to or for the benefit of Defendant because each of the Transfers reduced a debt or debts then owed by the Debtor.

21. The Subject Transfers were each made for, or on account of, an antecedent debt owed by the Debtor to Defendant prior to the time of each Subject Transfer.

22. The Subject Transfers were made while the Debtor was insolvent.

23. Each of the Subject Transfers was made during the Preference Period.

24. The Subject Transfers enabled Defendant to receive more than it would have received if the Subject Transfers had not been made and Defendant had been paid via distribution to the extent provided by the Bankruptcy Code.

25. Pursuant to 11 U.S.C. §547(b), each of the Subject Transfers is avoidable.

26. Defendant was the initial transferee of the Subject Transfers, or the immediate or mediate transferee of such initial transferee or the person for whose benefit the Subject Transfers were made.

27. The Subject Transfers were not a part of any alternative repayment schedule between the Debtor and Defendant created by an approved nonprofit budget and credit counseling agency.

28. Based upon the foregoing, the Trustee is entitled to an order and judgment against Defendant avoiding each of the Subject Transfers under 11 U.S.C. §547(b); and (ii) entitling the Trustee to recover the Subject Transfers from Defendant under 11 U.S.C. §550.

## SECOND CAUSE OF ACTION
**(Recovery of Avoided Preferential Transfers Pursuant to 11 USC §550)**

29. The Trustee incorporates all previous allegations as though fully set forth herein.

30. The Trustee is entitled to avoid the Subject Transfers pursuant to 11 U.S.C. §547.

31. Defendant was the initial transferee of the Subject Transfers, or the immediate or mediate transferee of such initial transferee, or the person for whose benefit the Subject Transfers were made.

32. Pursuant to 11 U.S.C. §550(a), the Trustee is entitled to an order and judgment for recovery of the value of the Subject Transfers from Defendant, together with an award of pre- and post-judgment interest thereon from the date of this Complaint to the date of payment or other satisfaction of such order and judgment, and the costs of this action.

## THIRD CAUSE OF ACTION
**(Disallowance of All Claims Pursuant to 11 USC §502(d) and (j))**

33. The Trustee incorporates all previous allegations as through fully set forth herein.

34. Defendant is an entity from which property is recoverable under 11 U.S.C. §550.

35. Defendant is a transferee of the Subject Transfers avoidable under 11 U.S.C. §547.

36. Despite demand therefore, Defendant has not paid the amount of the Subject Transfers to the Trustee, or turned over such property for which Defendant is liable under 11 U.S.C. §550.

37. Pursuant to 11 U.S.C. §502(d), any and all claims of Defendant and/or its assignee against the Debtor's chapter 7 estate must be disallowed until such time as Defendant pays to the Trustee an amount equal to the aggregate amount of the Subject Transfers, plus interest thereon

and costs.

38. Pursuant to 11 U.S.C. §502(j), any and all claims of Defendant, and/or its assignee, against the Debtor's chapter 7 estate must be disallowed until such time as Defendant pays to the Trustee an amount equal to the aggregate amount of the Subject Transfers.

## PRAYER FOR RELIEF

**WHEREFORE**, the Trustee requests:

1. That the Subject Transfers identified herein in the aggregate sum of $70,780.55 from the Debtor to Defendant be avoided as preferential transfers pursuant to 11 U.S.C. §547; and

2. That judgment be entered in favor of the Trustee for recovery of the sum of $70,780.55 from Defendant; and

3. That the Court award the Trustee interest pursuant to 28 U.S.C. § 1961(a) from the date of this Complaint, plus the costs of this proceeding; and

4. That any claims held or asserted by Defendant and/or its assignee be disallowed in accordance with 11 U.S.C. §502(d) and/or §502(j) until Defendant satisfies the judgment; and

5. Such other relief as the Court deems just and proper.

Dated: October 14, 2020

/s/Jason A. Imes
Jason A. Imes, Esq.
Schwartzer & McPherson Law Firm
2850 S. Jones, Blvd., Suite 1
Las Vegas, NV 89146
*Attorneys for Lenard E. Schwartzer, Trustee*

**EXHIBIT "1"**

**LIST OF SUBJECT TRANSFERS**

|    | Check # | Transfer Date | Transfer Amount |
|----|---------|---------------|-----------------|
| a. | Wire    | 08/29/2018    | $     651.96    |
| b. | Wire    | 08/29/2018    | $  2,882.95     |
| c. | Wire    | 08/29/2018    | $  3,438.14     |
| d. | Wire    | 08/29/2018    | $  4,921.63     |
| e. | Wire    | 08/29/2018    | $11,727.83      |
| f. | Wire    | 08/29/2018    | $14,395.23      |
| g. | Wire    | 08/29/2018    | $14,452.95      |
| h. | 1314    | 09/27//2018   | $18,309.86      |